In the Matter of Vernon V. BABB, Bankrupt-Appellant.

No. 13938.

United States Court of Appeals Seventh Circuit.

Feb. 6, 1963.

Frank H. Byers, Decatur, Ill., for appellant.

Donald G. Baird and Baird, Latendresse & Jones, Decatur, Ill., for appellee.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

From 1950 to 1960, Vernon V. Babb was engaged in the business of painting contractor as a sole proprietor. In early March 1959, Babb conducted his banking business at the Citizens National Bank, Decatur, Illinois, and also at the State Bank of Niantic. Desiring to consolidate his banking activities at one local bank, he phoned one Landolt, Vice President and Loan Officer of the Northtown Bank of Decatur, and made an appointment to go over his financial condition and to establish a line of credit.

On March 11, 1959, Babb and Landolt had a detailed discussion concerning Babb's business operations and financial condition. A printed form financial statement was handed to Babb. In consultation with Mr. Landolt, the form was filled out, with some questions unanswered, and was signed by Babb. No part of the form as filled out referred to Babb's indebtedness to the State Bank of Niantic although Babb testified he gave Mr. Landolt "a complete picture of my financial condition." The Northtown Bank did not make a loan to Babb until some nine days after the financial statement had been signed by him.

At the time of the hearing before the Referee, Mr. Landolt did not testify.

He was not, on that date, employed by the Northtown Bank. Whether he was available to testify does not appear from the record.

Northtown Bank was the only creditor to file an objection to the discharge of Babb. The basis of the objection by the Bank was that Babb had, on March 11, 1959, signed a materially false statement in writing respecting his financial condition. On October 16, 1961, the Referee in Bankruptcy sustained the objection, and ordered that the application of the bankrupt for discharge be denied. Upon a petition for review the District Court confirmed the order of the Referee.

On this appeal, the bankrupt filed his brief which urged several grounds for reversal, including the contentions that the trial court erred in placing the burden of proof on the bankrupt; that there was no evidence offered by the objector or otherwise, showing any intent to defraud on the part of the bankrupt, and that there was no evidence showing any reliance by the objector upon the financial statement signed by Babb.

The day prior to the date set for oral argument in this court, the attorney for Northtown Bank, the sole objecting creditor, wrote to the Clerk of this Court that the matter of the discharge of the bankrupt is now moot as between the bankrupt and Northtown Bank of Decatur and the State Bank of Niantic, and that said attorney would not appear for oral argument.

When the case was called for oral argument, the attorney for appellant bankrupt was present and made an argument. The attorney for the objecting creditor did not appear.

Although the objecting creditor is no longer interested in the instant proceedings, we are considering a matter in bankruptcy where there are creditors other than the two banks mentioned.

An order may be entered vacating the order of the confirmation of the District Court, which Court should vacate the order of the Referee in Bankruptcy dated

October 16, 1961, and return the case for such further proceedings as may be deemed advisable and appropriate.

Order of confirmation is

Vacated.